# UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

In re:

AIR CRASH AT SAN FRANCISCO                    MDL Docket No. 2497
INTERNATIONAL AIRPORT ON
JULY 6, 2013

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF *YANG v. BOEING*
## AND FOR REMAND PURSUANT TO J.P.M.L. RULE 10.1(b)

Plaintiffs Jinhua Yang, Jingtao Xie and Jiaqi Xie, through their attorneys Kreindler &

Kreindler LLP, respectfully ask this Panel to reconsider and remand *Jinhua Yang, et al. v. The*

*Boeing Company,* No. 13-cv-06846 to the U.S. District Court for the Northern District of Illinois,

pursuant to J.P.M.L. Rule 10.1(b).  No federal jurisdiction exists in this case or the potential tag-

along cases which Boeing removed to the Northern District of Illinois.

On December 16, 2013 Hon. Harry D. Leinenweber of the Northern District of Illinois, to

whom all the Illinois cases were assigned, published a 20-page Opinion and Order remanding all

of the cases, including the *Yang* case, to Illinois state court, where they properly belong. (See

Remand Order, Exhibit A)  However, as the Panel is aware, Judge Leinenweber's remand order

was filed one business day after the MDL transfer order was issued by this Panel in *Yang* but

before this Panel's transfer order was docketed in Northern District of Illinois. (See Transfer

Order, Exhibit B, MDL Docket No. 51)  Because of the timing of the transfer order depriving

the Northern District of Illinois of jurisdiction, Judge Leinenweber's remand order was vacated

in the *Yang* case only. (See Order, December 17, 2013, Exhibit C)  Notably, his remand order

remains in effect in the 7 potential tag-along cases. Id.  The Panel reaffirmed the transfer of *Yang*

to the Northern District of California on December 20, 2013.  Respectfully, we nevertheless ask the Panel to reconsider the *Yang* transfer.

Events in the Northern District of Illinois on Friday, December 20, 2013 make clear why the plaintiff in *Yang* will be sorely prejudiced if remand (at least conditionally) to Northern District of Illinois does not occur promptly.

On December 18, 2013, Boeing filed an Emergency Motion in the Northern District of Illinois to stay remand of the seven tag-along cases which were embraced by Judge Leinenweber's remand order in *Yang* to Illinois state court.  The motion was heard by Hon. Judge James B. Holderman on December 20, 2013.  As the transcript of the hearing says, Judge Holderman contacted the MDL Panel and then advised counsel present that the Panel would take no action on the seven tag-along cases until such time as Judge Leinenweber decides Boeing's motion for reconsideration of his December 16, 2013 remand order.  (*See* December 18, 2013 Transcript of Proceedings on Boeing's Emergency Motion, Exhibit D.)  Ironically, Judge Leinenweber's December 16, 2013 decision was rendered in response to *Yang*'s remand motion. We led the remand effort and there will be obvious prejudice if we lack standing to participate in opposing the motion for reconsideration of our own motion.

Obviously, having to argue remand anew in the Northern District of California and having effectively the *Yang* remand decision reconsidered in Illinois without *Yang*, will add layers of confusion that can be easily avoided by remanding *Yang* to the Northern District of Illinois now.  It makes practical sense to have all the Illinois cases which were the subject of Judge Leinenweber's December 16, 2013 remand remain together.

Whether Judge Leinenweber decides to remand all the cases to state court or not, all the cases will be subject to a single decision.  That assures order and consistency.

Judge Leinenweber's December 16th decision rejected Boeing's federal jurisdiction assertions and holds that there is no federal jurisdiction in *Yang*. That eliminated the basis for an MDL transfer. No purpose is served by treating *Yang* differently than all other Illinois cases arising from the Asiana crash that have been remanded.

Accordingly, we respectfully request that the Panel remand the *Yang* case to the Northern District of Illinois court to allow that court to reissue its remand order so that <u>all</u> of the cases pending in the Northern District of Illinois, including *Yang* can proceed in one court, thus avoiding a tremendous waste of judicial resources, time, expense and potentially inconsistent results. Boeing will suffer no prejudice, but *Yang* will suffer prejudice if it is excluded from Judge Leinenweber's ruling on reconsideration. Boeing can still press on for reconsideration in the Northern District of Illinois court and exercise any right it may have to appeal the decision, as it has indicated it would. Even Boeing has acknowledged that there is no difference between *Yang* and the other seven cases.[1]

## Procedural Background

From the moment Boeing removed the cases to federal court it has done everything possible to avoid the inevitable ruling that no federal jurisdiction exists and remand of the cases back to state court. Boeing has manufactured a jurisdiction argument and has used the MDL process to attempt to lodge these cases in a federal jurisdiction of its choosing and removed *Yang* to the Northern District of Illinois as a hook to create litigation in multiple district courts. Nothing can change the ultimate fact that Asiana Flight 214 crashed on land and no mechanical

---

[1]   COURT: One of the things I would like to know is what's the difference
       between this case and -- these cases [seven tag along cases], I guess, and the case
       that was transferred [Yang], Mr. Smith's case? What's the difference?
       Is there any difference?
       MR. CAMPBELL: Not really, Your Honor.
       (*See* Exhibit D, December 20, 2013 Holderman Hearing Transcript at p. 10.)

or structural failure occurred anywhere.  Boeing thus fabricated a "multi-district litigation".

Now, knowing it has lost the remand issue but for a quirk of timing, Boeing is further exploiting

the MDL transfer process to get a second bite at the jurisdictional apple by hoping, we assume,

that it will have better luck in the Northern District of California.

   The Panel surely recognizes Boeing's jurisdictional maneuverings and should not allow

it.

(1)   On September 23, 2013 Boeing removed *Yang* to Northern District of Illinois.

(2)   On September 24, 2013, the day after Boeing removed *Yang* to the Northern
      District of Illinois, it filed for an MDL transfer to the Northern District of
      California. (See Boeing's Motion to Transfer, Exhibit E, MDL Docket # 1)
      arguing that *Yang* created the multi-district imperative to coordinate proceedings
      pending in different district courts.

(3)   By the time Boeing filed its MDL transfer motion it had been served with seven
      Illinois, Cook County Complaints, and Boeing "removed" those cases as well.

(4)   On October 24, 2013, Boeing sought to stay the consideration of remand in the
      Illinois actions. (See Boeing's Memorandum in Support of Stay, Exhibit F.)
      Interestingly, in its papers, Boeing agreed that the "best course" was to
      consolidate "all eight cases" to avoid the "potential prejudice in having multitude
      courts decide [the remand] issue." Id. at 13.  Boeing added:

>       "It could require multiple rounds of briefing, it raises the
>       prospect of inconsistent rulings, and the issues of which
>       circuit law to apply prevent uniformity. The far better course
>       is to ... allow a single court to decide the issue consistently
>       for all cases where it arises."  (Exhibit F at 13.)

(5)     On October 29, 2013 Judge Leinenweber denied Boeing's application for a stay and set December 12, 2013 as the date by which he would render his decision on remand. [2] (See Minute Order, Exhibit G; Boeing's Reply in Support of Transfer, Exhibit H, MDL Docket # 36). The very next day,

(6)     On October 30, 2013, Boeing filed a "reply" in support of its MDL transfer but failed to inform the Panel of Judge Leinenweber's December 12 decision date. Because of Boeing's purposeful omission, plaintiffs made a supplemental filing informing the Panel of the imminent remand decision that, if granting remand, would moot the MDL proceeding. (See Exhibit I, MDL Docket # 40) Boeing predictably urged the Panel to transfer the cases before the decision was issued. (See Exhibit J, MDL Docket # 42)

(7)     On December 5, 2013, the Panel heard argument on Boeing's motion to transfer.

(8)     On December 9, 2013, Judge Leinenweber issued a Minute Order indicating that he would issue his remand decision by mail, as opposed to orally on December 12, 2013. (See Minute Order, December 9, 2013, Exhibit K)

(9)     On December 13, 2013 (Friday), the Panel issued its transfer order, transferring only _Yang_ to the Northern District of California, but not any of the related cases that Boeing had also improperly removed to the Northern District of Illinois. (See Exhibit B)

---

[2] It should be noted that Boeing insisted on having Judge Leinenweber rule on the remand issue in all cases arising out of the Asiana crash by filing a Motion for Reassignment of Related Cases, which Judge Leinenweber granted. (See Exhibit O). Now that Boeing lost the remand motion, it is trying to nullify the remand order of the very judge it wanted to decide the remand.

(10)   On December 16, 2013 (Monday), Judge Leinenweber issued his ruling and order remanding *Yang* and the other related cases pending in the Northern District of Illinois to Illinois state court. (See Exhibit A)

(11)   Plaintiffs immediately informed the Panel of the remand order, while Boeing urged the Panel to disregard it. (See Plaintiffs' and Boeing's Letters to the Panel, Exhibit L, MDL Docket # 52)

(12)   On December 17, 2013, Judge Leinenweber vacated the remand order with respect to *Yang* only, and emphasized that his only reason for vacating was the Panel's  December 13 transfer order and that the remand order was still valid as to all related cases arising out of the same crash. (See Order, December 17, 2013, Exhibit M)

(13)   On December 18, 2013, Boeing filed an emergency motion to stay the mailing of the certified remand order in the seven tag-along cases thereby delaying the completion of the transfer back to state court.  (See Boeing's Emergency Motion to Stay, Exhibit N.)

(14)   On December 20, 2013 the emergency motion was heard and, for all intents nothing will proceed either at the Panel or in Illinois at least until Judge Leinenweber returns on January 7, 2014.  In short, the matter will be in his Court.

With all that as background, it is clear that the only reason *Yang* is still in federal court is because Judge Leinenweber's remand order came one business day after the Panel transferred it to the Northern District of California.  The fact of the MDL transfer of *Yang* to the Northern District of California does nothing to bolster Boeing's federal jurisdiction argument which has been thoroughly analyzed and rejected by Judge Leinenweber.  The crash of Asiana Flight 214

on land at San Francisco International Airport cannot create admiralty jurisdiction nor does Boeing's "federal officer" argument have merit.  See Remand Order at p. 19.

**<u>Argument</u>**

Boeing's procedural machinations to delay or invalidate any remand decision mask a simple fact: there is no federal jurisdiction in the *Yang* case or the other cases filed in Illinois Circuit court against Boeing.  These cases were properly filed in the Circuit Court of Cook County, Illinois.

Plaintiffs urge the Panel to free this case from a federal forum that has no jurisdiction over it and to remand it, pursuant to J.P.M.L Rule 10.1(b)(iii) to the Northern District of Illinois. *See In re Nexium (Esomeprazole) Products Liability Litigation*, 908 F. Supp. 2d 1362, 1364 (J.P.M.L. 2012) ("Should the circumstances regarding any action develop such that either the transferee judge or the parties determine that continued inclusion of a claim or action no longer remains advisable, procedures are available whereby remand of that claim or action may be accomplished with a minimum of delay. *See* Rule 10.1"; *In re Wells Fargo Wage and Hour Employment Practices,* 804 F. Supp. 2d 1382, 1384 (J.P.M.L. 2011) (pursuant to Rule 10.1 "some claims or actions can be remanded in advance of the other actions in the transferee district");*In re State Street Bank and Trust Co. Fixed Income,* 2011 WL 1046162 at *4 (S.D.N.Y. March 22, 2011) (suggesting remand to transferor court based, in part, on the transfer being "more likely to insure the maximum efficiency for all parties and the judiciary."); *See In re Glaceau Vitaminwater Marketing and Sales Practice Litigation,* 2013 WL 3490349 (E.D.N.Y. July 10, 2013) (suggestion of remand by transferee judge where "there are no pending federal claims in any of the consolidated cases."); *In re Commercial Money Center, Inc., Equipment Lease Litigation,* 2008 WL 3200279 at *2 (N.D. Ohio Aug. 5, 2008) (suggesting remand to

7

transferor court and noting that "a suggestion of remand is appropriate where a case will not 'benefit from further coordinated proceedings as part of the MDL." (internal citations omitted).

Judicial efficiency requires that the case be remanded to the Northern District of Illinois now to avoid the duplicative, useless and wasteful effort of having the federal jurisdiction issue decided by Judge Gonzales Rogers after Judge Leinenweber has already considered it and issued a thorough and detailed  20-page opinion. Boeing's touted goal of "efficiency" supposedly achieved by consolidating the cases in one court is nonsense.  It is Boeing that has already upended the efficiency it claims as its goal in spite of the fact that Boeing conceded in court last week that there is no difference among the *Yang* and the other seven Illinois cases.

Judge Leinenweber's remand order still controls all the Northern District of Illinois cases, except *Yang*.  Leaving Yang in the Northern District of California and requiring a renewed remand order raises the prospect, albeit unlikely, that the MDL transferee judge could render a decision in conflict with Judge Leinenweber.  That would throw further confusion in the mix and that, not efficiency, is Boeing's goal.

Finally, as Judge Leinenweber's remand order articulates, there is no federal jurisdiction in this case and judicial resources will be wasted in the adjudication of a case that clearly belongs in state court. *See In re Glaceau Vitaminwater Marketing and Sales Practice Litigation,* 2013 WL 3490349 (E.D.N.Y. July 10, 2013) (suggestion of remand by transferee judge where "there are no pending federal claims in any of the consolidated cases.")The unfortunate timing of events which led to the transfer  of *Yang* just one business day before it was remanded to state court does not change the substance of the issue: there is no federal jurisdiction and therefore no basis for an MDL. Moreover, it is a waste of judicial resources to ask Judge Gonzales Rogers to address an issue already decided which divests the transferee court of its jurisdiction.

The bottom line is that, as things now stand, since Boeing has moved to reconsider and reargue *Yang* before the judge who rendered the *Yang* remand order, *Yang* should be there on January 7th or whenever Judge Leinenweber schedules that matter.  For *Yang* to be effectively excluded in the Northern District of Illinois now because of Boeing's procedural gamesmanship while seven other tag-along cases press to have the *Yang* decision affirmed would be grossly unfair to *Yang*.  We ask the Panel not to allow that to happen.

WHEREFORE, Plaintiffs respectfully ask this Panel to remand this case back to the Northern District of Illinois.

Dated:  New York, New York                           Respectfully submitted,
            December 23, 2013

                                                                     KREINDLER & KREINDLER LLP


                                                      By:  /s/ Justin T. Green
                                                              Justin T. Green (jgreen@kreindler.com)
                                                              Brian J. Alexander (balexander@kreindler.com)
                                                              Marc S. Moller (mmoller@kreindler.com)
                                                              750 Third Avenue
                                                              New York, NY 10017
                                                              Telephone: (212) 687-8181
                                                              Facsimile:  (212) 972-9432

                                                              POWER ROGERS & SMITH PC


                                                      By:  /s/ Todd A. Smith
                                                              Todd A. Smith (tas@prslaw.com)
                                                              Brian LaCien (blacien@prslaw.com)
                                                              70 West Madison Street, 55th Floor
                                                              Chicago, IL 60602

                                                              *Jinhua Yang and Jingtao Xie, as*
                                                              *Guardian Ad Litem And Parents Jiaqi Xie,*
                                                              *a minor*
                                                              N.D. Illinois, No. 1:13-cv-06846